UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILLIAM FIGUEROA,

                Plaintiff,

                                                    **Hon. Hugh B. Scott**

                                                      13CV240S

                v.

                                                      **Order**

SGT. D. McGUIRE,

                Defendant.

Before the Court is plaintiff's motion for entry of default (what he termed a "default judgment" but, under Rule 55(a), this Court deems to be for entry of default) (Docket No. 6).

BACKGROUND

This is a pro se plaintiff's civil rights action against corrections sergeant McGuire for alleged excessive force applied upon plaintiff in 2011 (Docket No. 1, Compl.). Plaintiff claims that McGuire was served by the United States Marshal on April 24, 2013, and failed to answer (see Docket No. 6). An Order to Show Cause was entered on February 27, 2014, to show cause why the case should not be dismissed for failure to prosecute (Docket No. 5). Plaintiff, on March 25, 2014, then filed the present motion for entry of default (Docket No. 6). The next day, defendant filed his Answer (Docket No. 7). On April 3, 2014, this case was referred by Chief Judge William Skretny to the undersigned (Docket No. 8).

DISCUSSION

A preliminary matter is whether, under 28 U.S.C. § 636, this Court can decide this motion or whether it can make a recommendation to Chief Judge Skretny. The default judgment plaintiff seeks here is obtained under a two-step process under Rule 55; "first, the entry of a default, and second, the entry of a default judgment," City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011); New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005); Fed. R. Civ. P. 55(a), (b). That first step plaintiff filed here is ministerial where a defendant fails to plead or otherwise defend an action, the Court Clerk "must enter the party's default," Fed. R. Civ. P. 55(a); Mickalis Pawn Shop, supra, 645 F.3d at 128; Pinaud v. County of Suffolk, 52 F.3d 1139, 1152 n.11 (2d Cir. 1995) (describing entry of default as "largely a formal matter," internal quotation marks omitted). The entry of default establishes liability but not an admission of damages, Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009); Mickalis Pawn Shop, supra, 645 F.3d at 128, the establishment of damages arises from the second step of entry of default judgment, see Fed. R. Civ. P. 55(b). That second step also formally terminates the litigation and awards plaintiff relief, with entry of that judgment by the District Judge (rather than by the Court Clerk), Mickalis Pawn Shop, supra, 645 F.3d at 128, 129.

Section 636 of the Judiciary code, 28 U.S.C. § 636, establishes the jurisdiction of the undersigned. As to certain dispositive motions (such as to dismiss or to suppress evidence in a criminal trial), this Court can only recommend to the referring District Judge for ultimate action, id., § 636(b)(1)(A). The listed motions do not include a motion to enter a default judgment, although this would be dispositive, or a motion (such as here) to enter default. Usually, cases are referred to a Magistrate Judge under § 636 after joinder of issue, that is after a defendant has

2

answered or otherwise appeared in the case, but § 636(b)(1)(A) authorizes referral of "any pretrial matter pending before the court," without specifying that all parties need to have appeared in the action first.

Since what is involved here is the first, ministerial step that the Court Clerk could enter without judicial action, this Court by Order can consider whether default has occurred, see also Andino v. Cummins, et al., No. 12CV852, Docket No. 21, Order of Mar. 13, 2014 (Scott, Mag. J.) (Order of undersigned denying motion for entry of default).  This differs from a motion for entry of a default judgment, which this Court could only enter a Report & Recommendation, see Prescription Containers, Inc. v. Cabiles, No. 12 Civ. 4805, 2014 U.S. Dist. LEXIS 40250, at *2 (E.D.N.Y. Feb. 14, 2014) (Scanlon, Mag. J.) (Report & Recommendation), adopted, 2014 U.S. Dist. LEXIS 39590 (E.D.N.Y. Mar. 24, 2014).

Here, defendant filed his Answer the day after plaintiff filed his motion for entry of default.  There were ten months of inaction in this case from all parties before the Show Cause Order was filed.  Thus, any prejudice in the delay in this action arose during that period.  Since defendant promptly filed his Answer upon plaintiff's filing, plaintiff's motion for entry of default is **denied**.

This Court will separately enter a Scheduling Order in this case.

CONCLUSION

For the reasons stated above, plaintiff's motion (Docket No. 6) for entry of default is **denied**.

So Ordered.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
April 7, 2014