UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WILLIAM FIGUEROA,

                              Plaintiff,                    **Hon. Hugh B. Scott**


                                                           **13CV240S**

             v.                                            **Report
                                                           &
                                                           Recommendation**


SGT. DARRIN McGUIRE,

                              Defendant.

_____

        This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C)

(Docket No. 19).  The instant matter before the Court is motion of defendant (Docket No. 18) for

summary judgment.  The response was due February 3, 2015, with any replies due February 17,

2015 (Docket No. 20), but plaintiff did not respond.

## BACKGROUND

        This is a pro se plaintiff's civil rights action against corrections sergeant McGuire for

alleged excessive force applied  upon plaintiff in 2011 (Docket No. 1, Compl.).  According to

defendant's Statement of Undisputed Facts (Docket No. 18), plaintiff was housed at Wende

Correctional Facility ("Wende") during the period at issue (id., Def. Statement ¶ 1).  He sues for

excessive force and denial of medical treatment following injuries he suffered on February 22,

2011 (id.).  Prior to his injury, plaintiff threw urine on corrections officers and spat on an officer

(id. ¶¶ 2, 3-4, 5).  Plaintiff later pled guilty to the urine incident (id. ¶ 6) and this first spitting

incident (id.¶ 7).  A third disciplinary ticket was written for a second spitting incident on 8:05 pm

on February 22, 2011, when plaintiff spat on officer Ball and resisted the application of a spit net

and a body hold, plaintiff was taken down and sustained de minimis injuries (id. ¶ 8).  Plaintiff

then was escorted to medical and Nurse Dirienzo documented his injuries, 2-3 small abrasions to

the right side of forehead and shoulder (id. ¶¶ 9-11, 12).  Dirienzo treated the abrasions by

cleaning them and placing antibiotic ointment on them (id. ¶ 13).

Plaintiff filed 52 grievances since 1997 (id.¶ 15), previously alleging assault or excessive

use of force four occasions (id. ¶ 16) and one grievance for denial of medical care (id.¶ 17).

Plaintiff never submitted a grievance to the Central Office Review Committee, the next level of

administrative review of grievances, alleging that defendant assaulted him on February 22, 2011

(id. ¶¶ 19, 20-21).  Plaintiff failed to exhaust his administrative remedies (id. ¶ 22).  Plaintiff

does not allege that defendant, a sergeant at Wende, denied plaintiff medical care (id. ¶ 23) and

defendant was not involved in providing medical care or treatment to plaintiff for his de minimis

injuries (id. ¶ 24).

Defendant first argues that plaintiff did not exhaust his administrative remedies for this

claim (Docket No. 18, Def. Memo. at 3-6).  Alternatively, defendant claims that plaintiff failed

to establish excessive force (id. at 6-8) and defendant's personal involvement in depriving

plaintiff medical treatment (id. at 8).  Defendant contends that plaintiff was not deprived of

medical treatment for his de minimis injuries (id. at 8-11), failing on both the objective and

subjective prongs for a deliberate indifference Eighth Amendment claim (id. at 10-11).

Again, plaintiff did not respond to this motion.

2

**DISCUSSION**

I.      Applicable Standards

      A.      Summary Judgment

      Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(a) (effective Dec. 2010). The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. Ford, supra, 316 F.3d at 354. "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997). While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002). The opponent to summary judgment may argue that he cannot respond to the motion

where it shows, by affidavit, "that, for specified reasons, it cannot present facts essential to justify its opposition," Fed. R. Civ. P. 56(d).

The Local Civil Rules of this Court require that movant and opponent each submit "a separate, short, and concise" statement of material facts, and if movant fails to submit such a statement it may be grounds for denying the motion, W.D.N.Y. Loc. Civ. R. 56(a)(1), (2) (effective Jan. 1, 2011).  The movant is to submit facts in which there is no genuine issue, id. R. 56(a)(1), while the opponent submits an opposing statement of material facts as to which it is contended that there exists a genuine issue to be tried, id. R. 56(a)(2).  Each numbered paragraph in the movant's statement will be deemed admitted unless specifically controverted by a correspondingly numbered paragraph in the opponent's statement, id.  Each statement of material fact is to contain citations to admissible evidence to support the factual statements and all cited authority is to be separately submitted as an appendix to that statement, id. R. 56(a)(3).

B.      Excessive Force

The Eighth Amendment prohibits cruel and unusual punishment.  The use of force that exceeds this constitutional standard is force that results in more than superficial injuries, that the use of force is repugnant to mankind, Whitley v. Albers, 475 U.S. 312, 327 (1986); Estelle v. Gamble, 429 U.S. 97 (1976) (Docket No. 18, Def. Memo. at 6).  The "unnecessary and wanton infliction of pain," Gamble, supra, 429 U.S. at 103 (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)), constitutes cruel and unusual punishment, Ingraham v. Wright, 430 U.S. 651, 670 (1977); Albers, supra, 475 U.S. at 319.  As noted by the Albers Court, "the infliction of pain in the course of a prison security measure, therefore, does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or

4

applied for security purposes was unreasonable, and hence unnecessary in the strict sense," 475 U.S. at 319.

        C.        Deliberate Indifference

Under the Eighth Amendment, in order to state a claim for cruel and unusual punishment for inadequate medical treatment of a prison inmate, the plaintiff must allege that defendants acted with "deliberate indifference to [a] serious medical need," LaGrange v. Ryan, 142 F. Supp. 2d 287, 293 (N.D.N.Y. 2001); see Gamble, supra, 429 U.S. at 104; see also Gregg, supra, 428 U.S. at 173 (citations omitted); Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom. Foote v. Hathaway, 513 U.S. 1154 (1995).

"To establish an unconstitutional denial of medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" Hathaway, supra, 37 F.3d at 66 (quoting Estelle, supra, 429 U.S. at 104). Mere negligent treatment or malpractice upon a suspect, however, does not create an Eighth Amendment violation, see Corby v. Conboy, 457 F.2d 251, 254 (2d Cir. 1972). This claim has two elements, an objective component, that the deprivation must be sufficiently serious; and a subjective component, that the defendant official must act with sufficiently culpable state of mind. Hathaway, supra, 37 F.3d at 66. "Sufficiently serious" for the objective component contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain." Nance v. Kelly, 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J., dissenting) (quoted in Hathaway, supra, 37 F.3d at 66). Plaintiff needs to prove that defendants wantonly intended to cause him to suffer. Wilson v. Seiter, 501 U.S. 294, 302 (1991).

II.     Application

Plaintiff filed no response, hence under Local Civil Rule 56 defendant's Statement of

Material Facts is deemed admitted, W.D.N.Y. Loc. Civ. R. 56(a)(2).  Given that, defendant has

established that plaintiff had not exhausted his administrative remedies to commence this action,

as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.  Even if plaintiff is allowed

to proceed with this action, he also fails to allege excessive force, since the force used was in

response to plaintiff's actions and the force applied resulted in mere abrasions, injuries that are

not constitutionally significant.  As for plaintiff's deliberate indifference claim, these abrasions

were treated; hence the objective prong for the deliberate indifference standard was not met.

## CONCLUSION

Based upon the above, it is recommended that defendant's motion for summary judgment

(Docket No. 18) be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report &

Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the

Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk**

**of this Court within fourteen (14) days after receipt of a copy of this Report &**

**Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective**

**December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION**

**WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME**

6

**WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

_/s/ Hugh B. Scott_
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
        March 2, 2015